UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ADO SANOUMEGAH,

    *Plaintiff*,

v.

COSTCO WHOLESALE
CORPORATION,

    *Defendant*.

No. 19-cv-1595 (DLF)

---

**MEMORANDUM OPINION**

Ado Sanoumegah brings this negligence suit against Costco Wholesale Corporation (Costco) after she slipped and fell in a Costco cafeteria. Compl., Dkt. 1-1. Before the Court is Costco's Motion for Summary Judgment, Dkt. 17. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**[1]

Sanoumegah was shopping in the D.C. Costco in July 2018 when she slipped and fell on an ice cube on the cafeteria floor. Def.'s Stmt. of Undisputed Facts ¶ 1, Dkt. 17-1. Sanoumegah had left the store to unload her groceries into her car, then returned to the cafeteria area to pick

---

[1] Unless otherwise noted, the facts in this opinion are drawn from the uncontested facts in the defendant's Statement of Material Facts, Dkt. 17-1. *See Hawkins v. District of Columbia*, No. 17-cv-1982, 2020 WL 601886, at *4 (D.D.C. Feb. 7, 2020) ("[I]n ruling on a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted . . . in [the non-moving party's] opposition to the motion." (internal quotation marks omitted)). Otherwise, the opinion recounts the facts as established in "depositions, answers to interrogatories, and admissions on file, together with the affidavits" to determine whether there is any "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)).

up a pizza she had ordered. *Id.* ¶ 6. As she was turning into the cafeteria, she slipped and fell to the ground. *Id.* ¶ 7. Sanoumegah was at first unsure what caused her fall, but later noticed an ice cube on the ground when another customer pointed it out. *Id.* ¶ 8; Sanoumegah Dep. at 64:4–8, Dkt. 17-2. After being helped up by two other Costco customers, *id.* at 63:12–20, she filled out an incident report form, *id.* at 74:2–4; Incident Report, Dkt. 17-3. Sanoumegah then retrieved her pizza and left the store. Sanoumegah Dep. at 74:17–22.

Sanoumegah filed suit in the Superior Court of the District of Columbia, seeking $1,000,000 in damages. Compl. at 3. Costco removed the case to federal court based on the diversity of citizenship between the parties and the amount in controversy in excess of $75,000. *See* 28 U.S.C. §§ 1332, 1441; Notice of Removal, Dkt. 1. Costco then moved for summary judgment, and that motion is now ripe for review. Sanoumegah submitted security camera footage of the Costco cafeteria counter area on the day of Sanoumegah's fall, which the Court has reviewed.

## II.   LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A "material" fact is one that could affect the outcome of the lawsuit. *See Anderson*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895. In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

It is well established, however, that "a plaintiff opposing summary judgment" must "substantiate [her allegations] with evidence" that "a reasonable jury could credit in support of each essential element of her claims." *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015). The moving party is entitled to summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.  ANALYSIS

Under District of Columbia law, in a negligence action the plaintiff "has the burden of establishing the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between the deviation and the plaintiff's injury." *Young v. District of Columbia*, 752 A.2d 138, 145 (D.C. 2000) (internal quotation marks omitted); *see also Martin v. Omni Hotels Mgmt. Corp.*, 206 F. Supp. 3d 115, 121 (D.D.C. 2016). "It is established law in this jurisdiction that a storekeeper is not an insurer or guarantor of his customers' safety . . . [and] the mere happening of an accident does not impose liability or permit an inference of negligence." *Napier v. Safeway Stores*, 215 A.2d 479, 480 (D.C. 1965). Rather, "[t]he burden rests upon the customer to prove the proprietor was negligent in either creating the alleged condition or in permitting it to continue and that this negligence was the proximate cause of the injuries." *Id.* And "[i]t is axiomatic that under a negligence regime, one has a duty to guard against only foreseeable risks." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 911–12 (D.C. Cir. 2006) (internal quotation marks omitted).

In the context of slip and fall premises liability cases, this means that a plaintiff must establish either actual or constructive notice of the dangerous condition. *See Hudson v. Harris*

*Teeter, LLC*, 292 F. Supp. 3d 496, 499 (D.D.C. 2018).  Constructive notice exists where the dangerous condition existed for a long enough period of time that the premises owner should have been aware of it.  *See id.* (noting that where a negligence claim is "predicated upon the existence of a dangerous condition it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected"); *see also Sullivan v. AboveNet Commc'ns, Inc.*, 112 A.3d 347, 356 (D.C. 2015).  In other words, absent evidence of actual notice, "it is incumbent upon the injured customer to establish a factual predicate sufficient to support a finding that the condition existed for such length of time that it should have become known and have been corrected." *Hudson*, 292 F. Supp. 3d at 499.

This case comes down to the issue of constructive notice.  Sanoumegah does not argue that Costco had *actual* notice of the ice cube before her fall.  *See generally* Pl.'s Opp'n, Dkt. 18-1.  The question, then, is whether Sanoumegah has established a material factual dispute on the issue of Costco's *constructive* notice.  *See* Pl.'s Opp'n at 33.  In other words, Costco can only be liable for negligence if there is a dispute of fact as to whether the ice cube was on the floor for a long enough period that Costco, through the exercise of reasonable care, should have been aware of it.

"Notice is a question ordinarily left for the jury, but where there is *no* testimony about how a substance came to be on the floor or how long it had been there, or that any employee of [the defendant] knew of its existence, the court may properly decide the case as a matter of law because of [the] failure to present prima facie proof of liability." *Hudson*, 292 F. Supp. 3d at 499 (emphasis added) (internal quotation marks omitted).  That is the case here.  Critically,

4

Sanoumegah has provided no evidence whatsoever about how long the ice cube was on the floor. Indeed, Sanoumegah even admits in her deposition testimony that she does not know how long it had been on the floor. Sanoumegah Dep. at 68:3–5 ("Do you know how long that cube of ice had been there before you stepped on it?" "I don't know, sir."); *id.* at 69:2–3 ("Just like I said, I can't determine how long."). So too, she admits that no Costco employee told her how long the ice cube had been there. *Id.* at 68:11–19. And she merely speculates as to how the ice cube might have gotten on the floor in the first place. *See id.* at 67:22–68:1 ("Do you know how that cube of ice came to be where it was when you stepped on it?" "I don't know."); *id.* at 64:17–65:3 (Sanoumegah providing her belief that the ice cube must have come from the Costco ice machine because it contained "[e]xactly the same ice from the machine"); *id.* at 65:7–10 ("I didn't see how it come to be on the floor.").

"If a plaintiff can conclusively establish that a foreign object was present on the ground for a specific amount of time, it can become a question for the jury as to whether the defendant had constructive notice given the amount of time the hazard was present." *Kindig v. Whole Foods Mkt. Grp.*, 930 F. Supp. 2d 48, 52 (D.D.C. 2013), *aff'd*, 608 F. App'x 14 (D.C. Cir. 2015). As Sanoumegah has failed to marshal *any* evidence on this point, there is no question for the jury to decide on constructive notice. *See Hudson*, 292 F. Supp. 3d at 499–500 ("[W]hen a plaintiff proves only that a hazard existed for an undetermined period of time, she has not shown that the defendant had constructive notice."). Simply put, "[e]stablishing evidence that could show how long the [ice] was on the floor is [Sanoumegah's] burden and she has not carried it." *Id.* at 501.

Sanoumegah attempts to overcome this conclusion by arguing that the Court should draw an adverse inference against Costco based on spoliation of evidence, because Costco employees failed to get the names of the other customers at the scene despite an internal policy requiring

5

them to do so.² *See* Pl.'s Opp'n at 30. The D.C. Circuit "has recognized that a negative inference may be justified where the defendant has destroyed potentially relevant evidence." *Gerlich v. U.S. DOJ*, 711 F.3d 161, 170 (D.C. Cir. 2013). Sanoumegah provides no support, however, for the proposition that Costco had an affirmative duty not only to preserve evidence already in its possession but to actively collect evidence on Sanoumegah's behalf. And the Fourth Circuit has rejected the same argument in an analogous case. *See Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004) (rejecting the plaintiff's argument that "given her own incapacity" after being hit by a falling mirror, the defendant's "failure even to try to obtain the witness' account of the events or her identification and contact information . . . constituted a willful loss of evidence, requiring a spoliation inference"). The Court reasoned that the defendant "never possessed the witness' contact information or account," "could not have forced the witness to tell her anything," and "did not have control of that information." *Id.* at 451. And absent any evidence that the defendant "acted in bad faith," there was no support for "a willful loss of evidence resulting in an abuse of the judicial process, such as would warrant a finding of spoliation." *Id.* After all, "if no . . . evidence was created, it could not have been destroyed." *Mahaffey v. Marriott Int'l, Inc.*, 898 F. Supp. 2d 54, 61 (D.D.C. 2012) (rejecting a claim of spoliation where the plaintiffs argued that "an investigation *should have* been commenced" based

---

² Sanoumegah also focuses much of her briefing on attacking the credibility of Costco's employees. *See, e.g.*, Pl.'s Opp'n ¶ 25 ("Manager Gzrech'[s] credibility is in question."), *id.* ¶ 31 ("[E]mployee Green's credibility is seriously in question."); *id.* ¶ 41 ("Like employees Green and Elutrio, employee Moore's credibility is seriously in question."). Of course, material disputes about the substance of the various employees' statements—supported by record evidence—would be relevant at summary judgment. Broad overtures about the "credibility" of these employees, however, is not. *See Reeves*, 530 U.S. at 150; *id.* ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

on the defendant's usual procedures but did not identify "any evidence that such documents ever existed"). Here too, Sanoumegah does not provide any evidence that Costco possessed the names of the unknown customers in the food court or otherwise acted in bad faith. Pl.'s Opp'n at 30–32.[3] Accordingly, there is no basis for an adverse inference of spoliation.

Sanoumegah also attempts to overcome the notice requirement by asserting a "mode of operation" exception, which relieves plaintiffs of the usual notice requirement when they are injured in a self-service business. *See* Pl.'s Opp'n at 36–37. Sanoumegah candidly admits, though, that this exception has not been recognized in the District of Columbia. *See* Pl.'s Opp'n at 38 (conceding that "plaintiff's counsel could not find a case in the District of Columbia, either in the District of Columbia Court of Appeals or federal courts, in which the method of operation doctrine was ever discussed"). In fact, the argument has been considered and rejected, with the D.C. Court of Appeals explicitly declining to hold "that a customer suffering a fall in a self-service supermarket is relieved of the burden of proving notice, actual or constructive . . . particularly in light of the long line of authorities which place that burden on the customer." *Safeway Stores, v. Morgan*, 253 A.2d 452, 454 (D.C. 1969). Accordingly, this argument cannot prevail.

As for the other purported factual disputes Sanoumegah cites, they are either immaterial or unsupported by the record evidence. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Some of the factual disputes Sanoumegah cites, even if accepted as true, would not affect

---

[3] Sanoumegah also admits that she never asked the other customers for their names, despite having had conversations with them. *See* Sanoumegah Dep. at 69:15–17; 67:7–12; 63:21–64:8.

7

the outcome of this suit. *See, e.g.*, Pl.'s Opp'n ¶ 20 (disputing whether Sanoumegah filled out the incident report in an office or in the seating area); *id.* (disputing the race of the employee who helped Sanoumegah fill out the report). Others, meanwhile, are simply speculative. *See id.* ¶ 23 (disputing that an employee did not see the ice cube or anything else amiss during her inspection *before* Sanoumegah fell because she wiped up the floor *after* Sanoumegah fell); *id.* ¶¶ 16, 19, 32 (discussing debris *other* than the ice cube and the cleaning of one area of the cafeteria). In sum, these purported factual disputes cannot overcome Sanoumegah's failure to create a jury question on the issue of Costco's notice—an essential element of her claim.

## CONCLUSION

For the foregoing reasons, Costco's Motion for Summary Judgment is granted. A separate order consistent with this decision accompanies this memorandum opinion.

                                                                                                      _____
                                                                                                      DABNEY L. FRIEDRICH
                                                                                                      United States District Judge

February 5, 2021